with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED.*

**R.T., Plaintiff—Appellant,**

v.

**C.E.V.K.; J., Defendants—Appellees.**

**R.T., Plaintiff—Appellant,**

v.

**C.E.V.K., Defendant—Appellee.**

**Nos. 08–2107, 08–2110.**

United States Court of Appeals, Fourth Circuit.

Submitted: April 16, 2009.

Decided: April 20, 2009.

R.T., Appellant Pro Se.

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

No. 08–2107 dismissed; No. 08–2110 affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

These consolidated appeals arise from two separate actions challenging the same arbitration proceeding, in which R.T. un-successfully challenged his employment termination. In Case No. 08–2107, R.T. seeks to appeal the district court's order dismissing his 42 U.S.C. § 1983 (2000) action against the arbitrator. A party to a civil suit in which the United States is not a party has thirty days from the date judgment is entered to file a notice of appeal, Fed. R.App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R.App. P. 4(a)(5), or reopens the appeal period under Fed. R.App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." *Browder v. Director, Dep't of Corr.*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (internal quotation marks and citations omitted); *see also Bowles v. Russell,* 551 U.S. 205, 127 S.Ct. 2360, 2366, 168 L.Ed.2d 96 (2007) ("Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement."). The district court's order was entered on the docket on May 8, 2008, and R.T.'s notice of appeal was filed on September 25, 2008, well beyond the thirty-day period. Accordingly, we dismiss R.T.'s appeal in No. 08–2107 for lack of jurisdiction.

In Case No. 08–2110, R.T. appeals the district court's order dismissing his § 1983 and state law tort claims against the arbitrator. We have reviewed the record in that case and find no reversible error. Accordingly, we affirm the district court's order. *See R.T. v. C.E.V.K.*, No. 1:08–CV–01566–CCB (D.Md. Sept. 5, 2008). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 08–2107 *DISMISSED.*

No. 08–2110 *AFFIRMED.*